IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIRGIL ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 06 C 4493 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| DOROTHY BROWN, ) | |
| Clerk of the Circuit Court ) | |
| of Cook County ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Virgil Robinson sues Dorothy Brown, Clerk of the Circuit Court of Cook County, under 42 U.S.C. § 1983. Robinson, acting *pro se*, alleges Brown violated his constitutional rights by obstructing his access to courts and the "corrective judicial process." Brown moves to dismiss the complaint for failure to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Brown's motion to dismiss is granted.

## BACKGROUND

The facts are drawn from the complaint and attached documents. *See Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006) (court will consider exhibits attached to complaint on motion to dismiss). The court accepts all well-pleaded allegations as true for purposes of the motions to dismiss. *Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). Complaints by *pro se* plaintiffs are liberally construed and not held to the same stringent standards expected of pleadings filed by lawyers. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

Virgil Robinson was convicted of murder in 1978 in the Circuit Court of Cook County and is serving a sentence of 200-600 years in prison. Compl. at 6. In 1981, Robinson unsuccessfully

appealed his conviction to the Illinois Supreme Court. *Id.*

In 1998, twenty years after his 1978 conviction, Robinson began sending a series of motions and letters to the Office of the Circuit Court Clerk of Cook County requesting the "underlying factual records of his criminal case" to pursue a collateral attack on his conviction. *Id.* at 6-7.

## I. Motions Seeking the Common Law Record

In November 1998, Robinson moved the state court for a transcript and common law record from his 1978 murder trial. *Id.*, Ex. E. On November 23, 1998, a special order denied the motion. The docket entry states the hearing was taken "off call" because there was "no motion pending." *Id.*, Ex. E, Ex. (a copy of a September 7, 2000 letter from the clerk's office stating that the November 1998 request was denied is attached as an unnumbered exhibit).

Nearly two years later, in June 2000, Robinson requested several trial exhibits. *Id.* at 7-8. In response, he received a copy of the 1978 common law record, but without the specified trial exhibits because they were impounded. *Id.* at 8-9, Ex. R, Ex. (Unnumbered Ex.: September 7, 2000 letter). In December 2000, with the assistance of John Marshall Law School, Robinson received the impounded trial exhibits, which included finger/palmprint impressions. *Id.* at 9-10. Robinson reviewed the exhibits and contends that a "fraud was perpetrated upon him at his trial" because the state "used a photo of someone else's left palmprint impression to identify, arrest, indict, and prosecute" him. *Id.* at 10.

In June 2003, nearly three years after discovering the "fraud," Robinson filed a another motion seeking access to additional documents from his common law record. *Id.* at 10-11. The motion was set for hearing on November 5, 2003. A special order was issued and the docket entry appears nearly identical to the November 23, 1998 entry: "off call no motion pending, letter to clerk

sh uld [sic] not have been dockete [sic]." *Id.*, Ex. 10. On January 16, 2004, Robinson learned of these identical dispositions in a Certified Statement of Conviction/Disposition from the clerk's office. *Id.* at 13, Ex. 10.

## II. Motion for Finger/Palmprint Testing and Motion to Amend Pleadings

In June 2003, Robinson moved for testing on the finger/palmprint impressions used at his 1978 trial and moved to amend the pleadings. *Id.* at 12, Ex. E. The motions were denied in August 2003. *Id.*, Ex. E. In September 2003, Robinson was notified of these denials by letters from the clerk's office. *Id.*, Ex. S, Ex. T.

## III. Notice of Appeal

On September 17, 2003, Robinson filed a notice of appeal from the August 18 and August 29, 2003 dispositions. *Id.* at 19, Ex Z. A month later, on October 27, 2003, Robinson sent a letter to Brown requesting: (1) a "stamped-filed copy" of the notice of appeal and (2) she prepare the record on appeal. *Id.* at 20, Ex. D. In response, Robinson received a Certified Statement of Conviction/Disposition, which he believed to be the record on appeal and forwarded it to the appellate court. *Id.* at 20-21, Ex. I. On November 25, 2003, Robinson received a letter from the Clerk's Office of the Appellate Court stating that there was no record of an active appeal docketed. *Id.* at 21, Ex. 7.

On December 13, 2003, Robinson sent another letter to Brown asking why, according to the appellate court, there was no appeal docketed. *Id.* at 22, Ex. M. On January 16, 2004, Robinson received an updated Certified Statement of Conviction/Disposition with a handwritten note: "No file of a [sic] appeal being filed in this office." *Id.* at 22, Ex. 10.

On March 23, 2004, the appellate court denied Robinson's *pro se* motion for leave to file a

motion for late notice appeal from the August 2003 orders. *Id.* at 22, Ex. J-1. This denial order was docketed on November 24, 2004. *Id.*, Ex. 4-B.

## IV. State Court Complaint Against the Chicago Police Department

Through a Freedom of Information Act request, Robinson alternatively sought "police reports, arrest report, and investigative files" pertaining to his 1978 murder trial from the Chicago Police Department. *Id.* at 25. The request was denied in May 2004. *Id.* On September 21, 2005, Robinson sent the county clerk's office a complaint against the Chicago Police concerning the police reports. *Id.*, Pl.'s Decl. in Opp'n to Def.'s Mot. to Dismiss at 15-16, Ex. V-A. In an October 28, 2005 letter addressed to Brown, Robinson inquired about the status of his complaint and responded to a request for a case number. *Id.* As of November 15, 2005, the complaint had not been docketed. Compl. at 26, Ex. 4-B.

## V. The *Pro Se* § 1983 Complaint

Acting *pro se*, Robinson filed this suit in August 2006. The complaint contains four claims against Brown, each alleging violation of his constitutional right of access to court under 42 U.S.C. § 1983. The substantive allegations are difficult to decipher. Robinson appears to allege the following: between 1998 and 2005, Brown repeatedly falsified court orders, electronic docket entries, and correspondence pertaining to Robinson's 1978 murder case; Brown used the falsified documents to deceive Robinson; Brown failed to docket Robinson's court filings; and Brown lied about receiving Robinson's filings.

## DISCUSSION

Construed liberally and read in conjunction with the attached documents, the complaint raises four claims: Brown (1) deceived him by falsifying electronic court records of his 1998 and 2003

4

motions for the common law record and the subsequent court orders; (2) deceived him by falsifying electronic court records denying his motion for finger/palmprint testing (August 18, 2003) and his motion to amend his pleadings and process (August 29, 2003); (3) lied about receiving and failed to docket his timely filed notice of appeal from the August 2003 denials of his motions; and (4) refused to docket his complaint against the Chicago Police Department.

## I. Legal Standards

### A. Motion to Dismiss

A motion brought under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint. *Cler*, 423 F.3d at 729. The court must "determine whether the complaint contains 'enough factual matter (taken as true)' to provide the minimum notice of the plaintiffs' claim that the Court believes a defendant entitled to." *In re: Ocwen Loan Serv'g, LLC Mortgage Serv'g Litig.*, No. 06-3132, slip op. at 17-18 (7th Cir. June 22, 2007) (internal citation omitted) (discussing motion to dismiss standard announced in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Walker v. S.W.I.F.T. SCRL*, No. 06 C 3447, 2007 WL 1704293, at *2 (N.D. Ill. June 12, 2007) (quoting *Bell Atlantic*, 127 S. Ct. at 1965) (internal quotations omitted). The court must accept Robinson's factual allegations as true and draw all reasonable inferences in his favor. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). *Pro se* complaints are liberally construed. *Antonelli v. Shehan*, 81 F.3d 1422, 1427 (7th Cir. 1995). A *pro se* plaintiff may plead himself out of court by alleging facts undermining his claims. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

### B. 42 U.S.C. § 1983

To state a claim under section 1983, Robinson must allege: (1) that Brown deprived him of

5

a federal constitutional right; and (2) that Brown acted under color of state law. 42 U.S.C. § 42; *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The right of access to the courts is the right of an individual, whether free or incarcerated, . . . to pursue legal redress for claims that have a reasonable basis in law or fact." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right is "protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *Id.* A prisoner's right of access to courts is not limited to actions challenging his conviction, sentence or conditions of confinement, it also protects his right to file other civil actions. *Id.* at 290.

## II.  Claims I, II, and III are Barred by the Two-Year Statute of Limitations

Robinson contends that Brown, through falsification of court documents and failure to docket his court filings, interfered with his constitutional right of access to the courts under the First and Fourteenth Amendments. Brown argues that the claims are time-barred by the two-year statute of limitations on § 1983 claims brought in Illinois. The personal injury laws of the state where the injury occurred determine the applicable statute of limitations. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 1949 (1985)). Illinois has a two-year statute of limitations for personal injury claims. *See* 735 ILCS 5/13-202; *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Federal law governs the accrual date of claims. *Savory*, 469 F.3d at 672. A § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (citing *Kelly*, F.3d at 511) (internal quotations omitted). To determine the accrual date, the court must: (1) identify the injury, and (2) determine the date when Robinson could have sued for that injury. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004).

In Claim I, Robinson alleges that his injury was the denial of his right of access to court. He contends that Brown falsified court orders denying his motions for the common law record from his 1978 murder trial. The allegedly falsified denial orders were entered on the court's docket on November 23, 1998 and November 5, 2003. Robinson claims he learned of Brown's falsification and deceptive actions on January 16, 2004, when he received a Certified Statement of Conviction/Disposition. Robinson believes the orders were falsified because the two docket entries are nearly identical and appeared to be a "conspiracy between the Circuit Court Judges . . . and the Illinois Circuit Court Clerk." Compl. at 13-14.

Assuming for purposes of this motion that the alleged falsifications were a deprivation of Robinson's constitutional rights and that he suffered an injury, Claim I must be dismissed as time-barred. Robinson admittedly knew of the purported injury on January 16, 2004. That was the date the two-year statute of limitations began to run for filing a § 1983 claim. Robinson failed to file his claim within two years. He filed his § 1983 complaint on August 18, 2006, eight months after the two-year limitations period had expired.

Similarly, Claim II must be dismissed. According to Robinson, Brown falsified the electronic docket entries of two court orders: (1) an August 18, 2003 denial of his motion for finger/palmprint testing, and (2) an August 29, 2003 denial of his motion to amend pleadings and process. Robinson contends that these falsified entries deprived him of his right of access to courts.

Assuming that these actions were a violation of a constitutional right and Robinson suffered an injury, he failed to file a § 1983 action within the two-year limitations period. Robinson states that he was notified of the denial orders in two letters he received from the clerk's office. The letters were dated September 3, 2003 and September 15, 2003. The limitations period began when

Robinson received the September 15, 2003 letter. He did not file his § 1983 claim within two years of learning of the injury. Instead, he filed his claim on August 18, 2006, eleven months after the limitations period expired.

Claim III alleges Brown refused and failed to docket a September 17, 2003 notice of appeal and later lied about receiving the notice. Brown's actions purportedly violated his right of access to the corrective judicial process. Robinson states he became aware of Brown's failure to docket the notice of appeal and her lies on January 16, 2004, when he received a Certified Statement of Conviction/Disposition. This is the same notice Robinson acknowledges in Claim I. Robinson filed his § 1983 claim two years and eight months after learning of Brown's failure to docket the notice of appeal. Claim III was filed eight months after the two-year limitations period and must be dismissed as time-barred.

## III.  Claim IV for Denial of the Constitutional Right of Court Access

Brown's motion to dismiss states that she is "unable to comprehend what Plaintiff is claiming is a violation of his constitutional rights in Claim IV." Def.'s Mot. to Dismiss at 5. The court disagrees. Liberally construed, Claim IV alleges Brown violated Robinson's constitutional right of access to court by refusing to record his complaint. Compl. at 24. Denial of access to courts claims fall into two categories: forward-looking and backward-looking. Forward-looking claims involve "systemic official action [that] frustrates a plaintiff . . . in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). In cases of this sort, "[t]he opportunity [to litigate] has not been lost for all time, [ ] but only in the short term; the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* Backward-

looking claims involve wrongful official conduct that has caused the plaintiff to lose a litigation opportunity. *Id.* at 413-414. The "point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* at 414-415. The right of access to court is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415.

Robinson's Claim IV falls into the forward-looking category. Robinson's access claim is ancillary to his underlying state court complaint against the Chicago Police Department. He alleges that Brown has repeatedly refused to record his complaint against the police department seeking injunctive relief. Robinson concludes that Brown's actions are a denial of his right of access to court. He does not allege that he has lost his opportunity to litigate the claim. On the contrary, he seeks to proceed with the claim after it is docketed by the state court.

A delay in pending or contemplated litigation may indicate a deprivation of "constitutional dimensions." *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990) (*pro se* inmate's allegations that prison guards intentionally lost legal documents resulting in delayed litigation defeated motion to dismiss). However, "allegations of simple negligence will not support a claim that an official has denied an individual of access to the court." *Snyder*, 380 F.3d at 291 n. 11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). A showing of prejudice to the specific litigation, resulting from the delay, is required to state a § 1983 claim for denial of access to courts. *Kincaid*, 969 F.2d at 602 (clerk's return of filing fee and failure to file complaint was at most a delay and plaintiff was not prejudiced); *see also Johnson v. Barczak*, 338 F.3d 771, 773 (7th Cir. 2003) (delay of over one year in appeals process was not an injury because it did not result in actual prejudice to the specific litigation).

Robinson alleges that his state court complaint against the police has been delayed by Brown's intentional actions, but he fails to show any resulting prejudice. Robinson sent his complaint to the clerk's office on September 21, 2005. As of November 15, 2005, the complaint had not been docketed by the clerk's office. It is unclear when or whether the complaint was ever docketed. Nonetheless, there was a delay of at least two months. In both his complaint and declaration in response to the motion to dismiss, Robinson suggests that Brown used correspondence from her office to deceive him regarding his court filings and court orders and "acted under the cloak and disguise of the circuit court judes [sic]." Pl.'s Decl. in Opp'n to Def.'s Mot. to Dismiss at 19. For purposes of evaluating the motion to dismiss, the allegations that Brown acted intentionally must be accepted.

Robinson fails to allege he has been prejudiced by Brown's failure to timely docket his complaint against the police. Robinson has not alleged that he has lost his opportunity to file his complaint against the police department. Thus, Claim IV is dismissed for failure to adequately state a § 1983 claim for deprivation of the constitutional right of court access.

## CONCLUSION

Brown's motion to dismiss is granted. Claims I, II and III are dismissed with prejudice as time-barred. Claim IV is dismissed without prejudice.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 20, 2007